FILED

2014 JAN 16 AM 11:28

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS COPE,
an individual,

    Plaintiff,

v.

Case No.

8:14-cv-110T17-TBM

OCWEN LOAN SERVICING, LLC,
a foreign limited liability company,
OCWEN FINANCIAL CORPORATION,
a Florida for-profit corporation, and
ALTISOURCE SOLUTIONS, INC.,
a foreign for-profit corporation,

    Defendants.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, THOMAS COPE (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendants, OCWEN LOAN SERVICING, LLC (hereinafter, "OLS"), OCWEN FINANCIAL CORPORATION (hereinafter, "OFC"), and ALTISOURCE SOLUTIONS, INC. (hereinafter, "ASI"), (hereinafter, collectively, "Defendants"), and alleges:

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C., Section 227 *et seq.* (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

1.     This is an action for damages that exceeds $15,000.00 exclusive of attorneys' fees and costs.

2. Jurisdiction for purposes of this action is proper as a Federal Question conferred by 28 U.S.C., Section 1331. Furthermore, because of the diversity of citizenship between the parties, jurisdiction is conferred by 28 U.S.C., Section 1331 as well. Supplemental jurisdiction over the FCCPA claims is conferred by 28 U.S.C., Section 1367. Venue for purposes of this action is conferred by 28 U.S.C., Section 1391.

3. At all material times herein, the conduct of Defendants, complained of below, occurred in Pinellas County, Florida.

4. At all times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5. Defendant OLS is a foreign limited liability company existing under the laws of the State of Delaware with a principal address of 1661 Worthington Road, Ste 100, West Palm Beach, Florida 33409. OLS is a wholly-owned subsidiary of Defendant OFC. Defendant OLS itself and through its subsidiaries, regularly attempts to collect debts owed another.

6. Defendant OFC is a Florida for-profit corporation with a principal address of 2002 Summit Boulevard, 6th Floor, Atlanta, Georgia 20219. OFC is the parent company of Defendant OLS. Defendant OFC, itself and through its subsidiaries, regularly attempts to collect debts owed another.

7. Defendant ASI is a foreign for-profit corporation existing under the laws of the State of Delaware with a principal address of 2002 Summit Boulevard, Suite 600, Atlanta, Georgia 30319. Defendant ASI, itself and through it subsidiaries, regularly attempts to collect debts owed another.

## GENERAL ALLEGATIONS

9. At all times herein, Defendants OLS, OFC, and ASI were "debt collectors" as defined by Florida Statutes, Section 559.55(6).

10. At all times herein, Defendants attempt to collect a debt, specifically a deficiency on a residential GMAC mortgage note referenced by account number ending -8438 (hereinafter, "the Debt").

11. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

12. At all times herein, Defendants were "persons" as defined by the FCCPA, Florida Statutes, Section 559.55(3). *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13. At all times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

14. At all times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and third-party vendors.

15. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

16. At all times herein, Plaintiff is the owner, regular user, and possessor of a cellular telephone, with the assigned number 727.278.4563.

17. At all times herein, Plaintiff is the called party and intended recipient of each and every call alleged.

## FACTUAL ALLEGATIONS

18. At all times herein, Defendants never possessed Plaintiff's prior express consent to contact Plaintiff's cellular telephone in its attempts to collect the Debt.

19. Defendants OFC and OLS employed the services of Defendant ASI as a third-party vendor in order to use ASI's automatic telephone dialing system and/or pre-recorded or artificial voice to place collection calls to Plaintiff in an attempt to collect the Debt. Therefore, all of the collection efforts detailed below were undertaken by Defendants collectively, and/or any one Defendant acting on its behalf or on the behalf of another co-Defendant.

20. On or about January 17, 2012, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic dialing system, from telephone number 800.850.4622.

21. During the immediately-aforementioned telephone call, Defendants' employee or representative, "Jason" (Employee ID# 17529), told Plaintiff that he needed to either borrow money or liquidate his 401k to pay off the Debt. Plaintiff advised Defendants of Undersigned Counsel's representation regarding the Debt, provided Undersigned Counsel's contact information, and asked that all further calls be directed to Undersigned Counsel's office.

22. Insofar as Defendants may argue they possessed express consent to auto-dial Plaintiff's cellular telephone, such consent was revoked as knowledge of attorney representation proscribes all communications directly with Plaintiff in an attempt to collect the debt. *See* Florida Statutes, Section 559.72(18).

23. On or about January 21, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants

called Plaintiff's cellular telephone a total of three (3) times throughout the day, in its attempts to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

24. On or about January 23, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

25. On or about January 25, 2012, at approximately 9:38 am ET, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

26. During the immediately-aforementioned telephone call, Defendants admitted that it knew the number it was calling was Plaintiff's cellular telephone and that Defendants were using an automatic telephone dialing system. Plaintiff again requested that all such calls cease to his cellular telephone and directed Defendants to speak directly to his attorney.

27. On or about January 25, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone two (2) additional times that day in its attempts to collect the Debt, after the above-mentioned call, using an automatic telephone dialing system, from telephone number 800.850.4622.

28. On or about January 31, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants

called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system.

29. During the immediately-aforementioned telephone call, Defendants' representative or employee, "Charles," again acknowledged he knew the number called was Plaintiff's cellular telephone and that Defendants were using an automatic telephone dialing system. Plaintiff again requested such calls cease to his cellular telephone and Defendant advised Plaintiff that his number would be taken off the list.

30. On or about February 7, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in its attempts to collect the Debt, using an automatic telephone dialing system, from telephone number 319.833.8531 or 800.850.4622. During said call, Defendants left a pre-recorded electronic voicemail message on Plaintiff's cellular telephone.

31. On or about February 8, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone twice in its attempts to collect the Debt, using an automatic telephone dialing system from telephone number 319.833.8531. During both calls, Defendants left a pre-recorded electronic voicemail message on Plaintiff's cellular telephone.

32. On or about February 8, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system from telephone number 800.850.4622.

33. On or about February 9, 2012, despite having received actual knowledge

of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 319.833.8531. During said call, Defendants left a pre-recorded electronic voicemail message on Plaintiff's cellular telephone.

34. On or about February 10, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone twice in its attempts to collect the Debt, using an automatic telephone dialing system, from telephone number 319.833.8531.

35. On or about February 11, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone twice in its attempts to collect the Debt, using an automatic telephone dialing system, from telephone numbers 319.833.8531 and 800.850.4622. During one of said telephone calls, Defendants left a pre-recorded electronic voicemail message on Plaintiff's cellular telephone.

36. On or about February 12, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone three times, in its attempts to collect the Debt, using an automatic telephone dialing system, from telephone number 319.833.8531. During one of said telephone calls, Defendants left a pre-recorded electronic voicemail message on Plaintiff's cellular telephone.

37. On or about February 13, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone three times, in its attempts to collect the Debt, using

an automatic telephone dialing system, from telephone number 319.833.8531.

38. On or about February 14, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

39. On or about February 15, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone twice in its attempts to collect the Debt, using an automatic telephone dialing system, from telephone numbers 319.833.8531 and 800.850.4622.

40. On or about February 16, 2012, at approximately 6:35 pm ET, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

41. On or about February 17, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 319.833.8531.

42. On or about February 20, 2012, Undersigned Counsel faxed an "Authorization to Release Information," (hereinafter, "Release") signed by Plaintiff, to Defendants' predecessor in interest, GMAC. The language from the fax to Defendants' predecessor in interest, GMAC states: "Request is hereby made for the initiation of a short sale approval for the above referenced property. Please direct *all* communication to

this office" (emphasis added). Please see attached a true and correct copy of the Fax of representation, Confirmation of Receipt, and the Release labeled, respectively, as Exhibits "A1-A3."

43. On or about February 20, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

44. On or about February 21, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

45. On or about February 22, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

46. On or about February 23, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 800.850.4622.

47. On or about February 23, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 214.874.2500.

48. On or about February 24, 2012, despite having received actual knowledge

of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 214.874.2500.

49. On or about February 26, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 319.833.8531, 800.850.4622, or 214.874.2500.

50. On or about February 27, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 214.874.2500.

51. On or about February 29, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants sent a representative, specifically a "Loan Counselor," to Plaintiff's house in an attempt to collect the Debt. Said representative left a notice on Plaintiff's door stating Defendants had "an important matter [they] would like to discuss with" Plaintiff. Although said notice states it is not an attempt to collect a Debt, the notice requests that Plaintiff contact Defendants at telephone number 800.850.4622, which is Defendants' debt collection center. *See* attached a true and correct copy of said notice labeled as Exhibit "B."

52. On or about March 1, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the debt, Defendants called Plaintiff's cellular telephone in an attempt to collect the Debt, using an automatic telephone dialing system, from telephone number 319.833.8531, 800.850.4622, or

214.874.2500.

53. Plaintiff has retained Leavengood, Dauval & Boyle, P.A. for the purpose of pursuing this matter against Defendants and is obligated to pay his attorneys a reasonable fee for their services.

54. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter.

55. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

56. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

57. Based upon the aforementioned allegations, Plaintiff believes that Defendants telephone calls made to Plaintiff's cellular telephone using an automatic dialing system or an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

58. Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call Defendants made to Plaintiff. Plaintiff asserts, however, that the above-

referenced calls are but a sub-set of the calls made in violation of the FCCPA and TCPA. Further, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

59.     As a direct result of Defendants' actions, Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that hiring an attorney for representation with regard to the debt was wholly ineffective and that the frequent, repeated debt collection attempts would simply have to be endured.

60.     As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE § 559.72(7)

Plaintiff re-alleges paragraphs one (1) through sixty (60) as if fully restated herein and further states as follows:

61.     Defendants are each subject to, and have violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

62.     Specifically, despite having actual knowledge of Undersigned Counsel's representation of Plaintiff, Defendants continued to repeatedly auto-dial Plaintiff's cellular telephone in an attempt to collect the Debt.

63.     Additionally, despite having actual knowledge of Undersigned Counsel's representation of Plaintiff, Defendants sent a representative to Plaintiff's house in an attempt to collect the Debt. *See* Exhibit "B."

64. Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

65. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages per independent violation, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT TWO – COUNT THIRTY-SIX: UNFAIR DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTE § 559.72(18)

Plaintiff re-alleges paragraphs one (1) through sixty (60) as if fully restated herein and further states as follows:

66. Defendants are each subject to, and have violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after receiving actual notice that Plaintiff was represented by counsel with regard to the Debt.

67. Specifically, despite having actual knowledge of Undersigned Counsel's representation of Plaintiff, Defendants continued to repeatedly auto-dial Plaintiff's cellular telephone and sent a representative to Plaintiff's house in their attempts to collect the Debt.

68. Additionally, Defendants' placed *at least* thirty-five (35) individual and separate calls to Plaintiff's cellular telephone.

69. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages per independent violation, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT THIRTY-SEVEN: TELEPHONE COMMUNICATIONS PROTECTION ACT- VIOLATION OF 47 U.S.C. 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through sixty (60) as if fully restated herein and further states as follows:

70. Defendants are each subject to, and have violated the provisions of, 47 U.S.C., Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent or after such consent was revoked.

71. Specifically, Defendants placed *at least* thirty-five (35) telephone calls to Plaintiff's cellular telephone without Plaintiff's prior express consent and after repeated requests to cease said telephone calls by Plaintiff using an automatic telephone dialing system.

72. The phone calls made by Defendants complained of herein are the result of a repeated willful and knowing violation of the TCPA.

73. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

    a. The periodic loss of his cellular phone service;

    b. Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract.

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e. Statutory damages.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against Defendants for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, including but limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

74. Plaintiffs hereby give notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper or electronic documents or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

75. Plaintiffs hereby demand a trial by jury on all issues triable by right.

Respectfully Submitted,
LEAVENLAW

_____
☐ Ian R. Leavengood, Esq., FBN 10167
[X] Aaron M. Swift, Esq. FBN 93088
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF PINELLAS )

Plaintiff THOMAS COPE, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
THOMAS COPE

Subscribed and sworn to before me
this 19 day of March, 2013.

_____
Notary Public

My Commission Expires:      Proof of I.D.: Personally known



JENICA HARVEY
Notary Public - State of Florida
My Comm. Expires Jul 17, 2016
Commission # EE 207839